UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:14CV-P100-JHM

CHRISTOPHER BOULTINGHOUSE            PLAINTIFF

v.

RON HERRINGTON *et al.*            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Christopher Boultinghouse filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the action pursuant to 28 U.S.C. § 1915A. Upon initial review, for the reasons set forth herein, the Court will dismiss some of the claims and allow others to proceed.

**I. SUMMARY OF ALLEGATIONS**

    Plaintiff currently is incarcerated at the Federal Correctional Institution in Pekin, Illinois. His complaint arises out of his previous incarceration as a convicted inmate at the Henderson County Detention Center (HCDC). He sues the following HCDC personnel: Jailer Ron Herrington, Colonel Gibson, Captain Floyd, and Lt. Ryan, each in his individual and official capacity. He also sues Henderson County.

    Plaintiff states, "Lt. Ryan used pepper spray as a Form of corporal punishment against me in violation of my constitutional rights against cruel & unusual punishment." He states, "Non lethal weapons such as pepper spray & tazer weapons are not supposed to be used as a form of corporal punishment & used only on inmates who are <u>physically</u> resisting." Plaintiff maintains that Defendant Ryan wrote an incident report stating the circumstances of him spraying Plaintiff in the face. He states, "No where in the incident report does he allege I physically resisted

because I didn't." Plaintiff further states, "They will not give me a copy of the report but it exists." He further represents that Defendants Herrington, Gibson, and Floyd "not only did nothing to correct Lt. Ryan's behavior they practise the same and freely admit worse."

Plaintiff further states that Defendant Herrington, "in the interest of greed, continually keeps the inmate jail population in over capacity state. Inmates are forced to live on the floor. 14 or 15 crammed into cells designed for 10 all sharing the same shower & toilets causing scabbies & staph infections & unreported fights to escalate."

Plaintiff also maintains that Defendant Herrington "will not provide inmates with enough food to maintain weight while simultaneously charging exorbitant prices for extra food for commissary. He provides insufficient calories for the health of indigent inmates & takes a $.15 Ramen noodle soup & charges $.89 just as an example." Plaintiff also states that Defendant Herrington "forces federal inmates who are convicted & under the care & authority of the Bureau of Prisons to continually pay for health care that he then charges the B.O.P. for thus 'double dipping.'"

As to the above allegations, Plaintiff states, "All that I have stated thus far has happend to me personally."

Plaintiff also contends that Defendant Herrington "does not enforce grievance policies &/or procedures in a uniform fashion most times not even answering. And when he does he simply states that the issue is: 'not grievable.'" Plaintiff states that when he grieved the "pepper spray/corporal punishment issue" Defendant Herrington did not deny that there was a policy of allowing deputies to use pepper spray as corporal punishment but stated that the issue was "'not grievable.'"

Plaintiff further states that Defendant Herrington "is also refusing to allow me to visit an opthamologist" and is "refusing to allow me to receive physical therapy for my case of severe cervical spinal stress all in violation of the U.S. Constitutional provisions against cruel & unusual punishment." He attaches three grievances to his complaint, including one in which he states that he had requested saline solution and a storage case for cleaning his contact lenses. In another grievance, Plaintiff states as follows:

> I informed Medical that I had been involved in a vehicle accident in July & went to the emergency room where I was diagnosed with severe cervicle spinal stress & that I required medicine & physical therapy. On a scale from one to ten my pain is a 6 to 8 daily & medical has still refused to let me see the doctor or get the medicine I was prescribed by the doctor at deconness hospital.

The staff response to the grievance was, "You are on doctor list for next visit. If you are having pain place a follow up sick call to discuss."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of ordering HCDC to change its policy to comply with federal law; an order to "remove Lt. Ryan from employment with H.C.D.C."; and an order that Plaintiff be removed to a medical facility in the U.S. Bureau of Prisons.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court

must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

#### A. Individual-capacity claims

**1. Excessive force**

Plaintiff alleges that Defendant Ryan pepper sprayed him as a form of corporal punishment and that he was not physically resisting when he was pepper sprayed. He alleges that this violated his rights under the Cruel and Unusual Punishments Clause. Upon review, the Court will allow this claim to proceed against Defendant Ryan in his individual capacity.

Plaintiff also states that Defendants Herrington, Gibson, and Floyd "not only did nothing to correct Lt. Ryan's behavior they practise the same and freely admit worse." The Court construes the allegations as a claim seeking to hold Defendants Herrington, Gibson, and Floyd

liable based on their supervisory roles over Defendant Ryan. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff fails to demonstrate any facts showing that Defendant Herrington, Gibson, or Floyd pepper sprayed him themselves or directly participated in any other alleged unconstitutional conduct causing him harm. His allegation that "they practise the same and freely admit worse" is conclusory and does not state sufficient facts to state a basis for relief. Accordingly, the individual-capacity claims under § 1983 against Defendants Herrington, Gibson, and Floyd must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Overcrowding

Plaintiff also maintains that Defendant Herrington "continually keeps the inmate jail population in over capacity state." He states that inmates "are forced to live on the floor" and that 14 or 15 inmates are housed in cells designed for 10 inmates.

The Constitution does not protect a prisoner from unpleasant prison experiences. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Nor does the Constitution mandate comfortable conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Moreover, overcrowding in a prison is not itself a violation of the Constitution. *Id.* at 347-48. Overcrowded conditions can be restrictive and even harsh; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Id*. at 348.

Plaintiff's allegations do not show a deprivation of the minimal civilized measure of life's necessities. While he alleges that overcrowded cells caused "scabbies & staph infections & unreported fights to escalate," he does not allege that he himself suffered from these conditions or any other physical harm as a result of the overcrowding. As such, his allegations concerning alleged overcrowding fail to state a constitutional claim and will be dismissed.

### 3. Insufficient food and commissary and medical charges

Plaintiff also states that Defendant Herrington does not provide inmates with sufficient food and charges "exorbitant prices" for food inmates may purchase from the commissary. However, Plaintiff alleges no deleterious effect of receiving insufficient food, not even weight loss. Therefore, the Court finds that Plaintiff has not stated a claim with regard to the prison diet. *See Freeman v. Berge*, 441 F.3d 543, 547 (7th Cir. 2006) (concluding that, without evidence of serious harm, a 45-pound weight loss does not state a constitutional claim). *But see Ward v.*

*Gooch*, No. 5:07-CV-389-JMH, 2010 U.S. Dist. LEXIS 118566, 2010 WL 4608292, at *7 (E.D. Ky. Nov. 5, 2010) (evidence that inmate lost 68 pounds over 10-month period and received 200-700 calories a day for almost a year was sufficient to raise genuine issue of material fact).

Moreover, with regard to the claim concerning charges for food from the prison commissary, an inmate has no federal constitutional right to be able to purchase items from a commissary at a certain price. *See McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003) (stating that an inmate's claim that the prison commissary charged "outrageous" prices for goods purchased through the commissary failed to state a constitutional claim); *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e note that we know of no constitutional right of access to a prison gift or snack shop."); *Antonelli v. Walters*, No. 07-219-GFVT, 2009 U.S. Dist. LEXIS 29396, at *16 (E.D. Ky. Mar. 31, 2009) ("Simply put, as [the inmate] had no federal constitutional right to purchase commissary items, he had no right to purchase items at a particular price or to prevent the charging of exorbitant prices.") (citations omitted). Consequently, Plaintiff has failed to state a constitutional claim with respect to the commissary charges.

Plaintiff also states that HCDC charges inmates for health care. Prisons and jails are entitled to charge inmates for medical care. *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay."). Therefore, Plaintiff fails to state a constitutional claim with respect to the charges for medical care.

For these reasons, Plaintiff's claims concerning the prison diet and charges for commissary items and medical treatment will be dismissed.

### 4. Grievances

Plaintiff also states that Defendant Herrington does not enforce the grievance policies uniformly and denied his grievances. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d at 300). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Therefore, Plaintiff's § 1983 claims concerning the handling of his grievances will be dismissed for failure to state a claim upon which relief may be granted.

### 5. Medical care

Furthermore, Plaintiff states that Defendant Herrington refused to allow him to see an ophthalmologist and to receive physical therapy in violation of the Cruel and Unusual Punishments Clause. "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. at 837-47). Mere negligence will not suffice. *Farmer*, 511 U.S. at 835-36.

With respect to Plaintiff's claim that he was not allowed to see an ophthalmologist, he does not state a sufficiently serious medical need. While he does not state any reason for needing to see an ophthalmologist in the complaint, he states in a grievance that he was denied saline solution and a contact lens case. He describes no other medical reason that he needed to see an ophthalmologist. Plaintiff's stated reasons do not satisfy the objective component of a deliberate indifference claim. *See Dougherty v. Virginia*, No. 7:12CV00549, 2013 U.S. Dist.

LEXIS 27183, at *17-18 (W.D. Va. Feb. 27, 2013) (finding that confiscation of contact lenses and saline solution does not state a deliberate indifference claim).

Plaintiff also states that Defendant Herington refused to allow him to receive physical therapy which he needed for a previous diagnosis of severe cervical spinal stress. He attaches a grievance showing that he had requested medicine and physical therapy for his condition. The staff response to the grievance was, "You are on doctor list for next visit. If you are having pain place a follow up sick call to discuss."

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). A court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996).

Based on Plaintiff's grievance attached to the complaint, it is clear Plaintiff was seen by the medical staff concerning his medical issue. He has failed to demonstrate that his request for physical therapy was more than a difference of opinion concerning his treatment. "A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) (citations omitted). Moreover, as Plaintiff is no longer incarcerated at HCDC, he does not have an ongoing need to receive physical therapy there.

For these reasons, Plaintiff's claims that he was denied medical treatment will be dismissed for failure to state a claim.

## B. Official-capacity claims

Plaintiff sues Defendants Herrington, Gibson, Floyd, and Ryan in their official capacities and sues Henderson County. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Suing employees in their official capacities is the equivalent of suing their employer, in this case Henderson County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court applies the same analysis to both the official-capacity claims and the claims against Henderson County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). As the Court has already determined, Plaintiff has not alleged a constitutional violation with respect to his claims alleging overcrowding, insufficient food, commissary and medical charges, grievance handling, and denial of medical treatment.

With regard to Plaintiff's excessive force claim, the Court will address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 694; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted))

Upon review of the complaint and attached grievance, Plaintiff has alleged that there was a policy at HCDC of allowing deputies to use pepper spray as a form of corporal punishment. Therefore, the Court will allow the Eighth Amendment excessive-force claim to proceed against Defendant Henderson County. Since Plaintiff has sued Henderson County directly, his separate official-capacity claims against each of the officers are redundant. *See Von Herbert v. City of St. Clair Shores*, 61 F. App'x 133, 140 (6th Cir. 2003) ("Herbert's official-capacity federal claims against [the individual defendants] were redundant, because they were subsumed by her § 1983 charge against the city."). Therefore, the Court will dismiss Plaintiff's official-capacity claims against the Defendant officers.

Moreover, Plaintiff's claim for punitive damages against Henderson County must be dismissed because "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

**C. Injunctive-relief claims**

Finally, Plaintiff seeks both monetary damages and injunctive relief. Since Plaintiff was transferred and is no longer incarcerated at HCDC, his claims for injunctive relief are moot. *See*

*Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Therefore, Plaintiff's claims for injunctive relief will be dismissed.

### IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's individual-capacity claims against Defendants Herrington, Gibson, and Floyd; his official-capacity claims against Herrington, Gibson, Floyd, and Ryan; his claims concerning alleged overcrowding, insufficient food, commissary and medical charges, grievance handling, and medical treatment; and injunctive-relief claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claim for punitive damages against Henderson County is **DISMISSED** pursuant to § 1915A(b)(2) for seeking relief from a defendant who is immune from such relief.

The Clerk of Court is **DIRECTED to terminate** Defendants Herrington, Gibson, and Floyd as parties to this action since no claims remain against them.

The Court will allow Plaintiff's excessive force claim to proceed against Defendant Ryan in his individual capacity for compensatory and punitive damages and against Henderson County for compensatory damages.  The Court will enter a separate Scheduling Order governing the claims that have been permitted to proceed.

Date:   March 30, 2015

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      Henderson County Attorney
4414.010

13