UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**CHRISTOPHER BOULTINGHOUSE**                                      **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 4:14-CV-00100-JHM**

**RON HERRINGTON et al.**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's motion to strike Defendant's answer (DN 18). Fully briefed, this matter is ripe for decision. For the following reasons, Plaintiff's motion to strike will be denied.

**A. Background**

On September 29, 2014, Plaintiff Christopher Boultinghouse, who is proceeding *in forma pauperis*, filed a *pro se* 42 U.S.C. § 1983 complaint (DN 1) against various employees of the Henderson County (Kentucky) Detention Center and Henderson County on a court-supplied form. In Section III of the form, entitled "Statement of Claims," Plaintiff made claims related to excessive force, over-crowding, insufficient food and commissary and medical charges, denied grievances, and medical care. Plaintiff also completed the Section IV of the form entitled "Relief" in which he stated that he sought money damages, punitive damages, and injunctive relief. The Court conducted an initial screening of Plaintiff's complaint under 28 U.S.C. § 1915A and the only claims that survived was Plaintiff's claim for excessive force against Defendant Aric Ryan, in his individual capacity, and against Henderson County. The Court then entered a Scheduling Order (DN 13) and directed Defendants to file an answer within 21 days after service of the summons. Defendants filed their answer (DN 15) on April 10, 2015, and stated as their Second Defense: "1. Defendant denies the allegations in Item III (Statement of

Claims) in the complaint. 2. Defendant denies the allegations in Item IV (Relief) in the complaint." The Answer then sets forth other defenses and affirmative defenses, such as failure to state a claim upon which relief may be granted, qualified immunity, official immunity, sovereign immunity, and failure to exhaust administrative remedies.

### B. Legal Standard

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The goal of a motion to strike is to avoid the expense of "litigating spurious issues" by dispensing with them before trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). When ruling on a motion to strike, the court must view the pleading in question in the light most favorable to the non-moving party. *In re Facebook PPC Adver. Litig.*, 709 F. Supp. 2d 762, 772 (N.D. Cal. 2010).

A defense may be insufficient as a matter of pleading or as a matter of law. *Joe Hand Promotions, Inc. v. Estrada*, No. 1:10-cv-02165-OWW-SKO, 2011 U.S. Dist. LEXIS 61010, at *1 (E.D. Cal. June 8, 2011). When an affirmative defense fails to give a plaintiff fair notice of the defense, it is insufficiently pled. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

Striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice . . . [and] should only be granted when the pleading to be stricken has no possible relation to the controversy," *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953), and may cause prejudice to one of the parties. 5C Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1380 (3d ed. 2004). In addition, motions to strike are disfavored, "because of the limited importance of pleading in federal

practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Moreover, unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak*, 607 F.2d at 826; *see also* Fed. R. Civ. P. 15(a)(2).

### C. Analysis

Plaintiff first argues that the denials in Defendants' answer violate the Court's Scheduling Order (DN 13) which stated that "[i]nsofar as practicable, the answer is to restate in separate paragraphs the allegations of the complaint, followed by the Defendants' answer." Plaintiff also seems to argue that the denials violate Rule 8 of the Federal Rules of Civil Procedure which provides that "[a] party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted," Fed. R. Civ. P. 8(b)(3), and "[a] party that intends in good faith to deny only part of the allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). In their response, Defendants seem to note the difficulty of adequately responding to Plaintiff's mix of allegations and claims interspersed together and written in non-traditional legal fashion. Most importantly, however, in their response, Defendants clarify their denial with regard to the one remaining claim. Indeed, with regard to Plaintiff's statement in his complaint that "Lt. Ryan used pepper spray as form of corporal punishment against me in violation of my constitutional rights against cruel and unusual punishment," Defendants admit that Defendant Ryan "did administer a short burst of the lowest irritating pepper spray to a physically unruly and belligerent plaintiff," but they deny it was for punishment.

Thus, although the Court agrees the denials in Defendants' answer fall short of the requirements of Rule 8, the Court does not find that striking Defendants' answer with regard to

3

these denials would serve the interest of justice. Because Defendants clarified in their response what they admit and what they deny with regard to the one remaining claim, the Court finds that Plaintiff had fair notice of the defense and has not been prejudiced.

In addition, although Plaintiff also makes arguments regarding the sufficiency and appropriateness of Defendants' other defenses and affirmative defenses, the Court finds that they have been sufficiently pled.

For all of these reasons, the Court finds that it is not necessary for it to resort to the "drastic remedy" of striking Defendants' answer.

### D. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Plaintiff's motion to strike (DN 18) is **DENIED.**

Date: January 26, 2016

*Joseph H. McKinley signature*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
   Counsel of Record
4414.011