UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**CHRISTOPHER BOULTINGHOUSE**                                                                      **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO. 4:14-CV-P100-JHM**

**RON HERRINGTON** *et al.*                                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Ryan's motion for a protective order (DN 21). Fully briefed, this matter is ripe for decision. For the following reasons, Defendant's motion for motion for a protective order will be granted to the extent that it will allow Defendant to produce his personnel file for an *in camera* review .

In his motion, Defendant Ryan asks the Court to hold that he is not required to provide his personnel file to Plaintiff. Defendant states that there is no information in his personnel file that is likely to lead to the discovery of admissible evidence and that he is concerned that Plaintiff "will misuse the information in the personnel file outside the context of this litigation." Defendant further states, however, that he is willing to produce his personnel file for an *in camera* review so that the Court can verify that the Defendant was not disciplined for "this incident or any incident of excessive force." In his response to this motion, Plaintiff states that he seeks discovery of Defendant's personnel file because he believes it might contain something indicative of Defendant's "complete disregard for the rights and safety of inmates." Plaintiff then states, however, that he is willing to agree to the *in camera* review of Defendant's personnel file if it pleases the Court.

The broad scope of discovery is governed by Federal Rule of Civil Procedure 26(b), which provides that "the parties may obtain discovery regarding any matter not privileged, that is

relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevant material for the purpose of discovery will encompass any matter that may bear upon, or reasonably could lead to other matters that could bear upon, any issue that is or likely may be raised in the case." *Invesco Institutional (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007) (citing *Minch v. City of Chicago*, 213 F.R.D. 526, 527 (N.D. Ill. 2003)). Stated differently, "a request for discovery should be considered to be seeking relevant information if there is *any* possibility that the information sought may be relevant to the claim or defense of any party in the action." *Id*. (citing *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D. 658, 663 (D. Kan. 2003)). Significantly, however, Fed R. Civ. P. 26(c) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." The Court assumes that Defendant has brought his motion under this Rule.

Since Plaintiff agrees, the Court concludes that is appropriate for it to conduct an *in camera* review of Defendant's personnel file to determine whether any portion of is relevant to Plaintiff's claim and should be provided to him.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion for a protective order (DN 21) is **GRANTED to the extent that it will allow Defendant to produce his personnel file for an *in camera* review. IT IS FURTHER ORDERED** that Defendant Ryan shall produce his personnel file for *in camera* review within 30 days of the date of this Order.

Date:   March 28, 2016

                                                          Joseph H. McKinley, Jr., Chief Judge
                                                              United States District Court

cc:  Plaintiff, *pro se*
    Counsel of Record
4414.011