UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:14-CV-00100-JHM

CHRISTOPHER BOULTINGHOUSE                                                         PLAINTIFF

v.

RON HERRINGTON *et al.*                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Henderson County, for summary judgment [DN 39]. Fully briefed, this motion is ripe for decision.

### I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U .S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to

particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

## II. BACKGROUND

On September 29, 2014, Plaintiff, who was incarcerated at that time, filed this *pro se* 42 U.S.C. § 1983 action making claims against several employees of the Henderson County Detention Center (HCDC). The only claim that survived this Court's initial screening under 28 U.S.C. § 1915A was Plaintiff's claim for excessive force against Defendants, Aric Ryan, in his individual capacity, and Henderson County. Plaintiff alleges that on August 13, 2014, Defendant Ryan used pepper spray as a form of corporal punishment against him in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. According to Plaintiff, while in a cell, he was pepper-sprayed in the face and back without warning for twenty to thirty seconds for loudly requesting toilet paper and running water. Thereafter, he was not given access to water to wash his eyes or his body for approximately one hour. Plaintiff alleges that Henderson County had a policy or custom of allowing the use of pepper spray maliciously and sadistically to cause harm. The Court previously set forth the facts of this case in detail in its March 29, 2016, Memorandum Opinion and Order.

On June 30, 2015, Defendant Ryan filed a motion for summary judgment. The Court denied Ryan's motion for summary judgment finding that a reasonable finder of fact could conclude that Defendant's actions violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Specifically, the Court found that if a jury believes Plaintiff's

version of events, it could find that this action was not justified under the circumstances or necessary to restore order, but rather a punitive act on a difficult inmate who did not pose a threat to other persons or raise security concerns.

Defendant Henderson County now files this motion for summary judgment. Plaintiff filed a response [DN 51], and Defendant filed a reply [DN 54].

### III. DISCUSSION

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: "(1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992). The Court will first address the second issue, i.e., whether the municipality is responsible for the alleged constitutional violation. Even assuming a jury finds that Defendant Ryan used excessive force in violation of the Eighth Amendment, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994); Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994). Nor can a municipality be liable if an employee applies an otherwise constitutional custom or policy in an unconstitutional manner. City of Canton, Ohio v. Harris, 489 U.S. 378, 387 (1989). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" City of St. Louis v. Praprotnik, 485 U.S. 112, 138 (1988) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479-480 (1986)).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell, 436 U.S. at 691; Deaton v. Montgomery County., Ohio, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." Garner v. Memphis Police Dept., 8 F.3d 358, 364 (6th Cir. 1993) (quoting Coogan v. City of Wixom, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds by Frantz v. Village of Bradford, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." Searcy, 38 F.3d at 286 (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981) (citation omitted)); Board of County Comm'rs of Bryan County., Okla. v. Brown, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has produced no evidence of any policy or custom on the part of Henderson County that led to the alleged use of excessive force by Defendant Ryan. In fact, the record reflects that the HCDC has a Policy and Procedure for Aerosol Pepper Projector dated July 21, 1998, that outlines the authorized uses and inappropriate uses of pepper spray. In fact, Section C of the Policy provides that "[n]o deputy shall playfully or maliciously use an aerosol pepper projector against another individual." Section C-2 further provides that the device will not be used to threaten or attempt to gain information from a subject or on any individual in a passive/non-resistant state. (DN 39-2.) Plaintiff did not produce evidence of inadequate training by Henderson County. Nor has Plaintiff offered any evidence of other instances of alleged improper use of pepper spray. Instead, Plaintiff produces evidence of an isolated occurrence affecting only him. See Fox v. Van Oosterum, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence

indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").

Plaintiff argues that his claim of a policy or custom is supported by HCDC's failure to address Plaintiff's September 17, 2014, grievance. Plaintiff stated in his grievance the following:

> I am grieving the Fact that there is a policy, be it official or otherwise, which allows Henderson County Detention Center employees &/or deputies to use tazor guns &/or pepper spray on inmates who are not physically resisting the control or authority of said deputies. As part of this grievance I am requesting this policy be sent to me in hard copy & discontinued. Thank You.

(Boultinghouse Grievance DN 54-1.) As previously noted by the Court in dismissing Plaintiff's § 1983 claim for failure to address the grievance, "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." Alder v. Correctional Med. Servs., 73 Fed. Appx. 839, 841 (6th Cir. 2003). See also Lee v. Michigan Parole Bd., 104 Fed. Appx. 490, 493 (6th Cir. 2004)("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").

Accordingly, because Plaintiff has failed to produce any evidence of a policy or custom of Henderson County that caused the alleged constitutional violation, Defendant Henderson County is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that a motion by Defendant, Henderson County, for summary judgment [DN 39] is **GRANTED.**

                    **Joseph H. McKinley, Jr., Chief Judge**
cc: Plaintiff, *pro se*              **United States District Court**
  Counsel of Record

July 18, 2016