UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CHRISTOPHER BOULTINGHOUSE                                               PLAINTIFF

v.                                       CIVIL ACTION NO. 4:14-CV-P100-JHM

RON HERRINGTON *et al.*                                              DEFENDANTS

**MEMORANDUM OPINION**

      On September 29, 2014, Plaintiff Christopher Boultinghouse initiated the instant 42 U.S.C. § 1983 action by filing a *pro se* complaint against Defendants (DN 1). On November 13, 2014, the Court granted Plaintiff's prisoner application to proceed without prepayment of fees (DN 7). At the summary judgment stage, the Court allowed Plaintiff's claim against one Defendant to proceed (DN 42). By Order entered on June 8, 2016 (DN 53), the Court stated that because Plaintiff had been released from incarceration, Plaintiff must either: 1) pay the $350.00 filing fee to the Clerk of Court; or 2) file a non-prisoner application to proceed without prepayment of fees. The Order warned Plaintiff that failure to comply with the Order within 30 days would result in dismissal of this action. Because Plaintiff did not respond to the Order or take any action in this case, the Court issued an identical Order on July 20, 2016, giving Plaintiff 30 more days to comply with the Order and again warning Plaintiff that his failure to comply would result in dismissal of the action (DN 56). More than 30 days have now passed since the entry of the second Order, and Plaintiff has still failed to comply or take any other action in this case.

      Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case *sua sponte* for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with straightforward Orders of this Court (DNs 53 & 56) or taken any action in response to the Court's Orders, the Court concludes that he has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date: September 14, 2016

*[signature: Joseph H. McKinley]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of Record
4414.011